ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KEVIN S. ROSENBERG (SBN 174593)
Assistant United States Attorney
Deputy Chief, OCDETF Section
RASHA GERGES (SBN 218248)
Assistant United States Attorney
Deputy Chief, OCDETF Section
   1400 United States Courthouse
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-4849/6530
   Facsimile: (213) 894-0142
   E-mail: Kevin.Rosenberg@usdoj.gov
           Rasha.Gerges@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 11-1137-DMG |
|---|---|
| Plaintiff, | ) STIPULATION RE: CONFIDENTIAL PRODUCTION OF DISCOVERY MATERIALS |
| v. | |
| MARC PETER WILLEMS, et al., | |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Kevin S. Rosenberg and Rasha Gerges, defendant Michael Evron, by and through his counsel of record, Mark Agnifilo, defendant Jonathan Colbeck, by and through his counsel of record, Judith Rochlin, defendant Ryan Rawls, by and through his counsel of record, Mark Windsor, defendant Jonathan Dugan, by and through his counsel of

record Dale Rubin, defendant Brian Colbeck, by and through his counsel of record, Patrick Smith, and defendant Charles Bigras, by and through his counsel of record, Deputy Federal Public Defender Humberto Diaz, hereby stipulate as follows:

1. On November 29, 2011, the government filed a 12-count indictment in this case charging violations of 21 U.S.C. § 846: Conspiracy to Distribute Controlled Substances; 18 U.S.C. § 1956(h): Conspiracy to Launder Money; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), (b)(1)(B): Distribution of LSD; and 21 U.S.C. § 853(a): Continuing Criminal Enterprise.

2. Defendants Brian Colbeck, Jonathan Dugan, and Charles Bigras first appeared for arraignment on the indictment on April 30, 2012.

3. Defendants Jonathan Colbeck and Ryan Rawls first appeared for arraignment on the indictment on May 4, 2012.

4. Defendant Michael Evron first appeared for arraignment on the indictment on May 14, 2012.

5. Within the next few days the government will produce discovery to defense counsel in the form of portable hard drives which will contain in excess of 787,000 pages of discovery and a 31 page index of the discovery. A significant amount of the discovery consists of Pay-Pal records documenting payment for alleged sales of controlled substances as charged in the indictment. Many of these records contain the full names, addresses, and personal information, including credit card numbers, of suspect controlled substances customers. Also contained within the discovery are copies of bank records of many of the defendants and other individuals. In order to produce

this discovery in the most time efficient manner possible, the government has not redacted much of the personal and/or financial identifying information from the Pay-Pal or bank records. The government also anticipates producing additional discovery in the future containing similar personal and/or financial information in an unredacted form.

6. The government believes that the proposed protective order is necessary to protect the privacy of the personal identifying and financial information contained within the discovery in this case. Specifically, the government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse personal and/or financial information contained within the discovery materials. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting the personal and/or financial information contained within the discovery, while providing to the defense materials that may assist in preparation of a defense to the charges. Accordingly, the parties jointly request that the Court order as follows:

a. For purposes of this Order, the term "defense team" refers to the defendant, counsel of record for each defendant, as well as the defense investigators or paralegals who are assisting defense counsel with this case, or anyone working for defense counsel on this case who has read, understood, and agreed to the terms of the order. "Defense team" includes any subsequent counsel of record, should a current counsel of record be relieved from this case, as well as anyone working for or with subsequent defense counsel.

1    b.  In order to expedite the production of discovery
2 in this case, the government will provide each defendant's
3 defense team with certain discovery containing personal and/or
4 financial identifiers of alleged controlled substances customers
5 in unredacted form.
6    c.  A defense team shall not permit anyone to have
7 physical possession of discovery containing personal and/or
8 financial identifiers of alleged controlled substances customers
9 provided pursuant to this Order other than defense team members.
10    d.  A defense team shall not permit anyone to see or
11 review discovery containing personal and/or financial identifiers
12 of alleged controlled substances customers provided pursuant to
13 this Order other than defense team members.
14    e.  A defense team shall not permit the discovery
15 containing personal and/or financial identifiers of alleged
16 controlled substances customers provided pursuant to this Order
17 to be outside of the defense team's offices, homes, [cell in jail,] vehicles, or
18 personal presence. The defense team may, however, mail, fax, or
19 otherwise send copies of the discovery to other defense team
20 members.
21    f.  To the extent the contents of the discovery
22 containing personal and/or financial identifiers of alleged
23 controlled substances customers produced pursuant to this Order
24 are referenced or discussed in any pleadings, a defense team
25 shall file such pleadings under seal or ensure that all
26 identifying information in the document or filing has been
27 removed.
28 ///

4

     g.  A defense team shall not provide the discovery containing personal and/or financial identifiers of alleged controlled substances customers produced pursuant to this Order to counsel or anyone working with or for counsel for other defendants who have not entered into this agreement.

IT IS SO STIPULATED.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

_/s/ Kevin S. R. 7/12/12_____           _____
KEVIN S. ROSENBERG     (DATED)           DALE RUBIN              (DATED)
RASHA GERGES                             Attorney for Jonathan Dugan
Asst. United States Attorneys

_/s/ Marc Agnifilo 6/5/12_____           _____
MARC AGNIFILO          (DATED)           PATRICK SMITH           (DATED)
Attorney for Michael Evron               Attorney for Brian Colbeck


_____           _____
JUDITH ROCHLIN         (DATED)           HUMBERTO DIAZ           (DATED)
Attorney for Jonathan Colbeck            Deputy Federal Public Defender
                                         Attorney for Charles Bigras


_____
MARK WINDSOR           (DATED)
Attorney for Ryan Rawls

5

1        g.  A defense team shall not provide the discovery
2   containing personal and/or financial identifiers of alleged
3   controlled substances customers produced pursuant to this Order
4   to counsel or anyone working with or for counsel for other
5   defendants who have not entered into this agreement.
6   IT IS SO STIPULATED.
7   Respectfully submitted,
8   ANDRÉ BIROTTE JR.
    United States Attorney
9

10
    _____        _____
11  KEVIN S. ROSENBERG    (DATED)   DALE RUBIN            (DATED)
    RASHA GERGES                    Attorney for Jonathan Dugan
12  Asst. United States Attorneys

13

14  _____        _____
    MARC AGNIFILO        (DATED)    PATRICK SMITH         (DATED)
15  Attorney for Michael Evron      Attorney for Brian Colbeck

16
     *Judith Rochlin signature* 5-31-12
17  _____        _____
    JUDITH ROCHLIN       (DATED)    HUMBERTO DIAZ         (DATED)
18  Attorney for Jonathan Colbeck   Deputy Federal Public Defender
                                    Attorney for Charles Bigras
19

20
    _____
21  MARK WINDSOR         (DATED)
    Attorney for Ryan Rawls
22

23

24

25

26

27

28

                              5

g. A defense team shall not provide the discovery containing personal and/or financial identifiers of alleged controlled substances customers produced pursuant to this Order to counsel or anyone working with or for counsel for other defendants who have not entered into this agreement.

IT IS SO STIPULATED.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

_____ (DATED)
KEVIN S. ROSENBERG
RASHA GERGES
Asst. United States Attorneys

_____ (DATED)
DALE RUBIN
Attorney for Jonathan Dugan

_____ (DATED)
MARC AGNIFILO
Attorney for Michael Evron

_____ (DATED)
PATRICK SMITH
Attorney for Brian Colbeck

_____ (DATED)
JUDITH ROCHLIN
Attorney for Jonathan Colbeck

_____ (DATED)
HUMBERTO DIAZ
Deputy Federal Public Defender
Attorney for Charles Bigras

_____/s/_____ 5/31/12 (DATED)
MARK WINDSOR
Attorney for Ryan Rawls

5

g. A defense team shall not provide the discovery containing personal and/or financial identifiers of alleged controlled substances customers produced pursuant to this Order to counsel or anyone working with or for counsel for other defendants who have not entered into this agreement.

IT IS SO STIPULATED.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

_____    _____
KEVIN S. ROSENBERG    (DATED)       DALE RUBIN    (DATED)
RASHA GERGES                         Attorney for Jonathan Dugan
Asst. United States Attorneys


_____    _____
MARC AGNIFILO    (DATED)             PATRICK SMITH    (DATED)
Attorney for Michael Evron           Attorney for Brian Colbeck


_____    _____
JUDITH ROCHLIN    (DATED)            HUMBERTO DIAZ    (DATED)
Attorney for Jonathan Colbeck        Deputy Federal Public Defender
                                     Attorney for Charles Bigras


_____
MARK WINDSOR    (DATED)
Attorney for Ryan Rawls

1  g.  A defense team shall not provide the discovery
2  containing personal and/or financial identifiers of alleged
3  controlled substances customers produced pursuant to this Order
4  to counsel or anyone working with or for counsel for other
5  defendants who have not entered into this agreement.
6  IT IS SO STIPULATED.
7  Respectfully submitted,
8  ANDRÉ BIROTTE JR.
   United States Attorney
9
10
11  KEVIN S. ROSENBERG  (DATED)        DALE RUBIN  (DATED)
    RASHA GERGES                       Attorney for Jonathan Dugan
12  Asst. United States Attorneys
13
14                                     [signature] 6/15/12
    MARC AGNIFILO  (DATED)             PATRICK SMITH  (DATED)
15  Attorney for Michael Evron         Attorney for Brian Colbeck
16
17
18  JUDITH ROCHLIN  (DATED)            HUMBERTO DIAZ  (DATED)
    Attorney for Jonathan Colbeck     Deputy Federal Public Defender
19                                     Attorney for Charles Bigras
20
21  MARK WINDSOR  (DATED)
    Attorney for Ryan Rawls
22
23
24
25
26
27
28

5

      g.   A defense team shall not provide the discovery containing personal and/or financial identifiers of alleged controlled substances customers produced pursuant to this Order to counsel or anyone working with or for counsel for other defendants who have not entered into this agreement.

IT IS SO STIPULATED.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

_____  
KEVIN S. ROSENBERG      (DATED)  
RASHA GERGES  
Asst. United States Attorneys

_____  
DALE RUBIN              (DATED)  
Attorney for Jonathan Dugan

_____  
MARC AGNIFILO           (DATED)  
Attorney for Michael Evron

_____  
PATRICK SMITH           (DATED)  
Attorney for Brian Colbeck

_____  
JUDITH ROCHLIN          (DATED)  
Attorney for Jonathan Colbeck

_____  
HUMBERTO DIAZ           05/31/12 (DATED)  
Deputy Federal Public Defender  
Attorney for Charles Bigras

_____  
MARK WINDSOR            (DATED)  
Attorney for Ryan Rawls